QUESTION:
What provisions of the Florida Statutes control the expenditure of funds by the Estero Fire Protection and Rescue Service District in the purchase of supplies, equipment, construction, and modification of facilities?
SUMMARY:
The Estero Fire Protection and Rescue Service District is not subject to the competitive bidding requirements of part I of Ch. 287, F. S. (other than s. 287.055), and is not required by Ch.76-208, Laws of Florida, the special act creating the district, to purchase through competitive bidding. In the absence of a statutory requirement, a public body such as the district is not required to purchase through competitive bidding. The acquisition of professional services such as architecture, professional engineering, etc., required by the district in connection with construction or modification of fire stations by the district, is subject to s. 287.055, the Consultants' Competitive Negotiation Act.
The purchasing and competitive bidding requirements set forth in part I of Ch. 287, F. S. (except s. 287.055, the `Consultants' Competitive Negotiation Act'), apply only to purchases by stateagencies. I considered a situation analogous to that herein under consideration in AGO 074-7, with regard to an erosion prevention district created by special act. I stated in that opinion that `special districts and other separate statutory entities are not considered to be agencies of the state . . . .' The Estero Fire Protection and Rescue Service District, created by special act of the Legislature, Ch. 76-408, Laws of Florida (1976 H.B. 3908), is such a special district, and is not a state agency. Thus, since the district is not subject to the commodities purchasing requirements of part I of Ch. 287, purchases of the type about which you have inquired would be controlled by the provisions of Ch. 76-408, the special act creating the district and setting forth its powers and duties. (However, see AGO 075-56, explaining that under s. 287.042(2), a `local public agency' such as your district may elect to purchase under purchasing agreements and contracts negotiated and executed by the Division of Purchasing.) It should be noted that, as to `construction, and modification of facilities,' the district would be subject to the requirements of s. 287.055 (the Consultants' Competitive Negotiation Act). That is, if such construction or modification of facilities requires professional services as set forth in s. 287.055 (architecture, professional engineering, landscape architecture, or registered land surveying), the district would be subject to any applicable competitive negotiation or other requirements of s. 287.055. (The district's authority to construct fire stations is set forth in s. 10(1) of Ch. 76-408.) See AGO's 075-56, 074-308, and 074-89 regarding the applicability to special districts of the Consultants' Competitive Negotiation Act.
My examination of Ch. 76-408, Laws of Florida, reveals no requirement that the district's purchases of commodities be made pursuant to competitive bidding. Subsection (2) of s. 10 of Ch.76-408 simply authorizes the board of commissioners of the district to `purchase, acquire by gift, own, lease and dispose of firefighting equipment and property, real and personal, that the board may from time to time deem necessary or needful to prevent and extinguish fires within the district.'
In AGO 071-366, I concluded that `in the absence of a statutory requirement, a public body has no legal obligation to let a contract under competitive bidding or to award the contract to the lowest bidder.' Since the competitive bidding requirements of part I of Ch. 287, F. S. (except s. 287.055, as noted above), are not applicable to your district, and since Ch. 76-408, Laws of Florida, contains no such requirements, the Estero Fire Protection and Rescue Service District is not required to make purchases of the type mentioned in your letter through competitive bidding, absent promulgation of a district rule so requiring.
Prepared by: Jerald S. Price Assistant Attorney General